**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 25, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Respondent.**

No. 36, Docket 29617.

United States Court of Appeals Second Circuit.

Argued Oct. 5, 1965.

Decided Oct. 7, 1965.

594

Melvin Pollack, Atty., National Labor Relations Board, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Harold B. Shore, Atty., National Labor Relations Board, for petitioner.

Ernest Fleischman, Delson & Gordon, David Ian Kramer, New York City, for respondent.

Before WATERMAN, HAYS, and ANDERSON, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its order, issued after routine unfair labor practice proceedings conducted under Section 10 of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board's decision and order are reported at 148 NLRB 1560. On the facts found by the trial examiner he concluded that respondent, Local 25, I.B.E.W., AFL–CIO, had engaged in unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii) (B) of the National Labor Relations Act, as follows:

"By inducing and encouraging employees of various secondary employers performing services at the Shop Rite store of the Supermarket Operating Company in the Mid-Island Shopping Center at Hicksville, Long Island, New York, to engage in a strike or refusal in the course of their employment to perform such services, and by threatening, coercing, or restraining Supermarket Operating Company and such other persons with the object of forcing and requiring them to cease doing business with Alexander M. Cutrone, d/b/a A. C. Electric. * * *" 148 NLRB 1560 at 1579.

The Board, on review, adopted these findings and conclusions of the trial examiner, "that by picketing Supermarket's store and by threatening to picket and otherwise coercing Supermarket's director of store planning, the Respondent violated Section 8(b) (4) (i) (ii) (B) of the Act." It issued the appropriate cease and desist order now sought to be enforced. 148 NLRB 1560 at 1566.

The Respondent Union maintains that the activity found by the Board to be violative of the secondary boycott provision of the Act was informational picketing and therefore lawful union conduct, and that there is no substantial evidence in the record as a whole to support any other interpretation of the union's acts. It also claims there was absolutely no credible evidence introduced before the trial examiner that the union induced or encouraged any employee of any one to engage in any work stoppage.

An examination of the record belies these claims. We find no merit in them. Nor is there merit in the objections respondent raises to the issuance of any cease and desist order, or to the scope of the order issued.

The petition for enforcement is granted.